IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**PRINTING PRESS, LTD.,**

    **Plaintiff,**

**v.**                                                 **CIVIL ACTION NO. 2:08-00080**

**PRESSTEK, INC.,**

    **Defendant.**

**MEMORANDUM OPINION**

Pending before the court are defendant's Motion to Exclude Witnesses and Damages (Doc. No. 8) and Motion for Summary Judgment (Doc. No. 10). For the reasons set forth below, both motions are granted.

**I.   Introduction**

This action arises from a suit filed by plaintiff Printing Press, Ltd. ("Printing Press"), on December 10, 2007, in the Circuit Court of Kanawha County, West Virginia. (Doc. No. 1 Ex. 2.) Plaintiff alleges that in April 2006 it purchased from defendant Presstek, Inc. ("Presstek"), a Model 5634 Press for the sum of $325,000.00, paid in full at the time of purchase through a loan obtained by plaintiff. (Id.) Within one week after plaintiff began using the press, problems allegedly arose in that the press would run for only a few minutes before shutting off. (Id.) After approximately five months, during which Presstek's service technicians attempted repair twelve times, defendant

replaced the press's Uninterrupted Power Source ("UPS"), with the result that the press began to operate as intended. (Id.)

Printing Press alleges that defendant breached its duty to deliver a product that was "operational, free of defects and suitable for its intended use." (Id.) As a result of this breach and of the five-month period during which defendant attempted to repair the press, plaintiff alleges it suffered damages in an amount not less than $40,000.00. (Id.) As such, plaintiff demands compensatory damages in that amount, requests that defendant be required to extend the press's warranty for an additional six months beyond the warranty period provided in the parties' Purchase Agreement, and requests interests, costs, attorney's fees, and other appropriate relief. (Id.)

On February 4, 2008, Presstek removed the suit to this court on the basis of diversity jurisdiction under to 28 U.S.C. § 1332. (Doc. No. 1.) Subsequently, on October 2, 2008, defendant filed the instant motions to exclude and for summary judgment, the basis for both of which is plaintiff's failure to engage in discovery. (Doc. Nos. 8-11.) Specifically, defendant contends that plaintiff's failure to make the initial disclosures required under Federal Rule of Civil Procedure 26(a)(1) and (2) warrants the entry of judgment in favor of Presstek. (Id.) Plaintiff made no response to the motions, which are ripe for adjudication.

## II.  Standard of Review

Turning to the issue of summary judgment, Rule 56 of the Federal Rules of Civil Procedure provides that

> [t]he judgment sought shall be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c).  The moving party has the burden of establishing that there is no genuine issue as to any material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  As the United States Supreme Court of Appeals stated in Celotex, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Id. at 322.

Once the moving party has met its burden, the burden then shifts to the nonmoving party to produce sufficient evidence for a jury to return a verdict for that party.

> The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.  The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find, by a preponderance of the evidence, that the plaintiff is entitled to a verdict . . . .

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).  "If

the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 250-51. Significantly, "a party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." Id. at 256. Finally, "[o]n summary judgment the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

### III. Analysis

Where a party has failed to make disclosures required under Rule 26(a), Rule 37(c) dictates that "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial . . . ." Fed. R. Civ. P. 37(c). The rule proceeds to carve out two exceptions to this general rule, however: "(1) when the failure to disclose is 'substantially justified,' and (2) when the nondisclosure is 'harmless.'" Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 596 (4th Cir. 2003)(quoting Fed. R. Civ. P. 37(c)). Moreover, the district court enjoys broad discretion in evaluating whether one of these exceptions applies to a particular case. Southern States, 318 F.3d at 597.

The burden to show justification or harmlessness under Rule 37(c) lies with the party facing sanctions. Id. at 596 (citing Wilson v. Bradlees of New England, Inc., 250 F.3d 10, 21 (1st Cir. 2001)). In determining whether that party has carried its burden, the following factors should be considered:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of the party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

Southern States, 318 F.3d at 597.

In the absence of any responsive briefing from Printing Press, the court is unable to make an accurate evaluation of these factors. Because plaintiff has failed to carry its burden to show justification or harmlessness, the general exclusion provision of Rule 37(c) applies, and plaintiff is prohibited from introducing any evidence or witnesses it was required to disclose pursuant to Rule 26(a)(1) and (2). Without the evidence thus excluded – which includes all expert testimony, all evidence as to damages, and all information plaintiff would have used to support its claims – it is clear that plaintiff will be unable to establish the elements essential to its case. As such, defendant is entitled to summary judgment.

## IV. Conclusion

For the reasons set forth above, the court **GRANTS** defendant's Motion to Exclude Witnesses and Damages (Doc. No. 8)

and Motion for Summary Judgment (Doc. No. 10).  In an accompanying Judgment Order entered of even date, the court enters summary judgment in favor of defendant Presstek.

The Clerk is directed to send copies of this Memorandum Opinion to counsel of record and to any unrepresented parties.

It is **SO ORDERED** this 6th day of January, 2009.

                                  ENTER:

                                  David A. Faber
                                  United States District Judge